UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor M. Kern Construction Co.,

      Plaintiff,

v.

H. Michael Carr, Stephen Young,
Michael D. Carr, Lane D. Waldahl,
County Commissioner, William Stearns,
County Commissioner, Ralph Miller,
County Commissioner, Bruce Uselman,
William Cross, Jeffrey D. Pederson,
Orville Meyer, County Commissioner,
Rodney Bounds, County Commissioner,
Jeffrey Jares, Cory Carr, Bryan Savoloja,
and Thomas Speed,

      Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 11-124 (MJD/LIB)

_____

      Plaintiff is *pro se*[1].

      Jon K. Iverson and Amanda L. Stubson, Iverson Ruevers, Counsel for
Defendants.

_____

---

      [1]The Court notes that the named plaintiff is a corporation.  Victor Kern, as a layman,
cannot represent the corporation.  Osborn v. Bank of the United States, 22 U.S. 738, 830 (1824).
"The corporation must be represented by counsel 'regardless of whether the person seeking to
represent the corporation is a director, officer or shareholder.'" Ebersen, Inc. v. City of
Minneapolis, Civ. No. 03-6482 (RHK/AJB), 2004 WL 483165 at *1 (D. Minn. Mar. 11,
2004)(quoting Nicollet Restoration, Inc. v. Turnham, 486 N.W.2d 753, 754 (Minn.1992)).

Plaintiff Victor M. Kern Construction Co. ("Kern") brought this action

against Defendants alleging a variety of constitutional violations.  Defendants

move to dismiss this action as it was improperly served pursuant to Rule 4 of the

Federal Rules of Civil Procedure.  Defendants further move to dismiss pursuant

to Rule 12 (b)(6) of the Federal Rules of Civil Procedure as Plaintiff has failed to

state a claim for relief.

**Standard for Dismissal Under Rule 12**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state a

claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include
> detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.

Id. (citations omitted).

**Analysis**

The complaint is largely incomprehensible.  The only discernable facts

alleged that could potentially relate to a claim are that a 1996 Ford half-ton truck

belonging to Kern was damaged on October 31, 2008 while in the possession of

the sheriff's department.  (Complaint ¶ 3.)  A 1953 Chevrolet was subject to

forfeiture and impounded on July 7, 2010.  (<u>Id.</u>)  The complaint also includes

general allegations of government corruption, false police reports and phony

search warrants.  There are also allegations concerning a patent owned by Kern

and lost profits from such patent because it was tampered with.  (<u>Id.</u> ¶ 1.)  The

complaint also includes allegations that Defendants Bryan Savaloja and William

Cross illegally searched his residence.

The named Defendants are or were Wadena County officials or employees.

Michael D. Carr is the Wadena County Sheriff; H. Michael Carr is the Former

Wadena Sheriff; William Cross is the Current Chief Deputy Sheriff; Steven Young

is a Former Chief Deputy Sheriff; Lane D. Waldahl, William Stearns, Ralph

Miller, Orville Meyer and Rodney Bounds are Wadena County Commissioners;

Bryan Savaloja is a Wadena County Sheriff's Deputy and Thomas Speed is the

Wadena County Jail Administrator.  Bruce Uselman is the Chief of Police for the

City of Wadena; Cory Carr is the Chief of Police for the City of Verndale and is a Wadena County Sheriff's Deputy; and Jeffrey Jares is the Former Police Chief for the City of Verndale.

Defendants first assert that although included in the caption, Defendants Orville Meyer, Rodney Bounds, Jeffrey Jares, Cory Carr and Jeffrey Pederson are nowhere mentioned in the body of the complaint.  The Court agrees that Kern has failed to state a claim against these Defendants.

As to the remaining Defendants, the Court finds that all claims must be dismissed as Kern has merely alleged legal conclusions without any factual support.  For example, Kern asserts that his patent was tampered with and as a result he as suffered lost profits, but includes no facts to support assertion.  The same is true for the purported Fourth Amendment violations, and § 1983 claims.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure

to State a Claim under Rule 12(b)(6) [Doc. No. 14] is GRANTED.  This action is

hereby dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY

Date:   July 1, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court